# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

             Plaintiff,

v.

Mohamed Zaki Mohamed Elsayed,

             Defendant.

No. 23-cr-0331(1) (DSD/DLM)

**ORDER**

---

This case is before the Court on non-dispositive and dispositive pretrial motions filed by the United States of America ("the government") and Defendant Mohamed Zaki Mohamed Elsayed. The Court held a motions hearing on March 20, 2024, to hear oral argument and review the evidence relevant to the parties' motions. Assistant United States Attorney Evan Gilead appeared on behalf of the government, and R. J. Zayed, Esq., and Luke Wetterstrom, Esq., appeared on behalf of Mr. Elsayed. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on the files, records, and proceedings above, **IT IS ORDERED** that:

1. The government's Motion for Discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (Doc. 19) is **GRANTED**.

2. Mr. Elsayed's Motion for Disclosure of 404(b) Evidence (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART**. The government must provide disclosures no later than **4 weeks** before trial. If the government discovers any

Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

3.   Mr. Elsayed's Motion for Disclosure of *Brady* Material (Doc. 27) is **GRANTED**. As it agreed to do, and as required by governing law, the government must disclose evidence favorable to Mr. Elsayed and must do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

4.   Mr. Elsayed's Motion to Compel Production of *Giglio* Material (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. In his motion, Mr. Elsayed requests the disclosure of "any and all promises made by the government or law enforcement to its witnesses in this case whether implicit, explicit, written, oral, direct or indirect." (Doc. 28 at 2.) The government has represented to the Court that it "does not possess any responsive materials as they do not exist." (Doc. 37 at 3.) The government has also represented to the Court that "[i]n the event such materials are created" the government "agrees to disclosure in accordance with the rules." (*Id.*) Thus, the Court declines to compel the government to produce *Giglio* material it does not possess. However, the Court grants Mr. Elsayed's motion in the event such materials are created and will order the government to produce such materials in accordance with

2

governing law and the Federal Rules of Criminal Procedure. *Giglio*, 405 U.S. at 150.

5.   Mr. Elsayed's Motion to Suppress Statements (Doc. 29) shall be the subject of a separate report and recommendation to be prepared by the Court following the close of briefing on that motion.

6.   Mr. Elsayed's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. 30) shall likewise be the subject of a separate report and recommendation to be prepared by the Court following the close of briefing on that motion.

DATED: March 22, 2024                         *s/Douglas L. Micko*
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge